L.C. TIREY, III, Appellee,

v.

Judy Kay TIREY, Appellant.

No. 80298.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 23, 1993.

Virginia Henson, Shawnee, for appellant.

George Van Wagner, Shawnee, for appellee.

## OPINION

· HUNTER, Presiding Judge:

Appellant, Judy K. Tirey and Appellee, L.C. Tirey, III, were divorced on October 3, 1986. The district court awarded custody of their one son to Appellant and ordered Appellee to pay alimony in decreasing monthly amounts totaling $67,000 from October, 1986, through October, 1991. In addition, Appellee was ordered to pay $325.00 per month in child support through October 1991, and $375.00 per month thereafter. The child support guidelines were not in effect at the time of the divorce.

Appellee is a beer distributor. At the time of the divorce, he owned one-third of the distributorship, Tirey Distributing Company. That year, he claimed as income salary totaling $58,375.00. Shortly after the divorce, Appellee purchased the stock of his two partners and has since been the sole owner of Tirey Distributing. Appellee testified that, at the time of the trial, his income was $6,000 per month—an increase of $13,625.00 per year over his 1986 income. In addition, Appellant offered substantial evidence to show that the corporation pays a considerable portion of Appellee's personal expenses including his clothing, his dry cleaning bills, car expenses for himself and his wife, insurance, and other personal expenses charged to the company credit card. In addition, Appellee has received salary advances each year from the corporation.

Appellant did not work at the time of the divorce. Nevertheless, her financial circumstances have not improved. She no longer receives alimony, and both sides agree that she earns little money as a self-employed insurance agent.

On appeal, Appellant argues the district court erred in failing to modify the child support decree to guideline amounts because: (1) Appellee's income has substantially increased; (2) Appellant's income has substantially decreased; (3) Appellant is no longer receiving alimony, and (4) the minor child's needs have increased because of his age.

## STANDARD OF REVIEW

■ We review orders resulting from actions to modify child support on the record as a whole and affirm only where the judgment rendered is just and equitable. *Thrash v. Thrash,* 809 P.2d 665, 668 (Okl.1991).

## FINDINGS ON REVIEW

■ Under 43 O.S. (1990) § 118, child support orders may be modified upon a showing of a material change in circumstances. A district court may deviate from the guideline amount if it is "unjust, inequitable, unreasonable or inappropriate under the circumstances, or not in the best interests of the child or children involved."

■ We hold that a "material change in circumstances" may be shown by a substantial increase in the income of one or both parents, a substantial decrease in the income of one or both parents, a substantial change in the needs of the child, or a combination of these factors.

■ In the instant case, the evidence tended to prove that Appellee's income had increased substantially. Moreover, it is undisputed that Appellant is no longer receiving alimony, and Appellee is no longer having to pay it. Finally, the dependent child is older, and his needs may have changed substantially. We find that Appellant offered sufficient evidence of a change in circumstances to warrant application of the child support guidelines to this case.

For these reasons, we reverse the decision of the district court and remand this case for recalculation of child support under the guidelines. On remand, the district court should carefully consider the Appellee's real gross income as defined in the statute, including the income consisting of payments of personal expenses by his closely held corporation. Likewise, the district court should consider Appellant's loss of alimony income. Finally, the district court should also consider any changes in the needs of the minor child which might justify a departure from the guidelines.

REVERSED AND REMANDED.

GARRETT and BAILEY, JJ., concur.